HICKMAN EBBERT COMPANY *v.* ASA W. ALLEN COMPANY.

[71 South. 310.]

EVIDENCE.  *Parol evidence to vary writing.  Admissibility.*
> While parol evidence is permissible to show that a written contract never had any legal existence because its execution was procured by fraud, it is not permissible simply to vary the terms of such contract.

APPEAL from the Circuit court of Lee county.
HON. CLAUDE CLAYTON, Judge.
Suit by Hickman Ebbert Company against the Asa W. Allen Company.  From a judgment for defendant, plaintiff appeals.

Appellant filed suit on open account against appellee. The record shows that on September 20, 1911, a traveling representative of appellant called on appellee and took an order for a carload of wagons, the price being agreed upon.  The order which appellee signed contained the following clause:

"For which I agree to give you settlement within thirty days from date of invoice, either by notes on your blanks due ——— months from date of invoice payable at ——— Bank of ———, or by cash less 10 per cent. December 1st."

The account was not paid on December 1st, but payments were made at various times between January 8, 1912, and October 3, 1912, and appellant charged appellee with interest at six per cent. and credited him with the partial payment he made.

111 Miss.—11

Appellee contends that he has paid the invoice price of the goods plus six per cent. interest, but that appellant failed to give him credit for the proper discount of ten per cent. which its traveling representative said would be allowed. Appellant stands on the contract as written, claiming that the ten per cent. discount was only to be allowed if the account was paid in full by December 1st.

The case was submitted to a jury, and a verdict returned for the defendant. On the trial the court gave the following instruction to the jury at the request of the defendant:

"The court charges the jury for the defendant, Asa W. Allen Company, that if they believe from a preponderance of the evidence that under the contract of purchase of the wagons the defendant was to have a trade discount of ten per cent. on the regular price, and that defendant relied on plaintiff's representative to write the contract according to the agreement, and so relying signed the contract without reading it, then, although the jury may believe that the contract as written does not mean a trade discount, still the failure of plaintiff's representative to write the contract as made was a fraud on defendant, and it is not bound by it, and the jury will find for the defendant."

*W. A. Blair,* for appellant.

*C. P. Long,* for appellee.

Smith, C. J., delivered the opinion of the court.

Appellee's defense is, not that the contract sued on "never had any legal existence because its execution was procured by fraud," but that the provision therein relative to the discount to be allowed does not express the real agreement entered into at the time the contract was signed; in other words, the attempt here is simply to vary the terms of a written contract by parol.

*Reversed and remanded.*